NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 26 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CP ANCHORAGE HOTEL 2, LLC, DBA Anchorage Hilton, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> UNITE HERE! LOCAL 878; UNITE HERE!, <br><br> Defendants-Appellees. | No.   21-35827 <br><br> D.C. No. 3:18-cv-00071-JMK <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Argued and Submitted July 8, 2022
Portland, Oregon

Before:  R. NELSON and LEE, Circuit Judges, and RAKOFF,[**] District Judge.

CP Anchorage Hotel 2, LLC, ("Anchorage Hilton") appeals the district

court's decision to grant the motion of UNITE HERE! Local 878 ("the Union") for

summary judgment and to deny Anchorage Hilton's Rule 56(d) motion. We affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

1. Since 2008, the Union—which represents workers in the hospitality industry—has been unable to reach a collective bargaining agreement with Anchorage Hilton. In 2009, the Union initiated a boycott of the hotel after negotiations between the parties broke down. As part of its campaign, the Union set out to convince customers of Anchorage Hilton to refuse business with the hotel. Two non-profit organizations who had contracted with Anchorage Hilton to hold conferences at the hotel in 2018—the Veterinary Cancer Society ("VCS") and the Alaska Society for Human Resource Management ("Alaska-SHRM")—were the targets of this campaign.

The Union primarily carried out its campaign through emails, physical mail, and leafleting. It sent out approximately five waves of emails and letters to the organizations' executive committee members, conference organizers and speakers, and in certain cases, the supervisors of executive committee members. Union staffers also called the offices of VCS's members and handed out leaflets where members of the organizations worked. The Union urged the organizations' leadership and members to relocate their conferences, pointing to the ongoing labor dispute and to alleged problems at the hotel.

2. In 2019, Anchorage Hilton filed its lawsuit against the Union. The hotel argued that the Union's communications with VCS and Alaska-SHRM amounted to a secondary boycott in violation of the National Labor Relations Act ("NLRA"),

2

codified at 29 U.S.C. § 158(b)(4), and that it was entitled to damages under 29 U.S.C. § 187. Anchorage Hilton also asserted that Union staffers defamed the hotel by making false representations during their calls to VCS and Alaska-SHRM offices.

On July 7, 2020, the Union filed its motion seeking summary judgment in the Union's favor on Anchorage Hilton's various claims. On August 14, 2020, Anchorage Hilton filed a Rule 56(d) motion asking the district court to delay the summary judgment proceedings so that it could depose Carlos Cruz, the Union representative whose calls to a VCS office formed the primary basis of the hotel's defamation claim. After further briefing and oral argument, the district court, on September 3, 2021, granted the Union's motion for summary judgment and denied Anchorage Hilton's Rule 56(d) motion.

3. We have jurisdiction to review the district court's decision under 28 U.S.C. § 1291. We "review a [district court's] grant of summary judgment de novo," *Los Padres ForestWatch v. U.S. Forest Serv.*, 25 F.4th 649, 654 (9th Cir. 2022), and its denial of a Rule 56(d) motion for abuse of discretion, *see* Singh *v. American Honda Fin. Corp.*, 925 F.3d 1053, 1076 (9th Cir. 2019).

4. The district court was correct to conclude that no reasonable fact finder could view the Union's communications as part of an unlawful secondary boycott. A union engages in a secondary boycott only when it "*threaten[s], coerce[s], or restrain[s]*

3

[a] person engaged in commerce" with an intent to "*forc[e]*" that person "to cease doing business with any other person." 29 U.S.C. § 158(b)(4) (emphasis added).

As both the Supreme Court and this Court have explained, the NLRA must be read in light of the protections afforded by the First Amendment to union speech and speech-like activities. *See DeBartolo Corp. v. Fla. Gulf Coast Bldg. & Const. Trades Council*, 485 U.S. 568 (1988); *Overstreet v. United Bhd. of Carpenters & Joiners of Am., Local Union No. 1506*, 409 F.3d 1199 (9th Cir. 2005). Labor activity that is not "threatening or coercive" falls outside the NLRA's ambit because it is protected by the First Amendment. *See Overstreet*, 409 F.3d at 1211.

None of the communications here could plausibly be viewed as threatening or coercive. The communications simply stated the Union's grievances. No executive board member received more than four emails over a six-month period, nor did any of the organizations' members receive more than one letter by U.S. mail. Only a few individual offices were called multiple times during the Union's phone banking campaign. Evidence that individuals were rude or aggressive during these calls is scattered, and, in any event, does not amount to coercion under the high bar raised by the statute. The photographic evidence of the Union's leafleting, moreover, plainly reveals that the Union staffers were not obstructing any entryway or otherwise acting coercively. The communications, in sum, do not fall within the NLRA's prohibitions.

4

5. The lower court also properly dismissed Anchorage Hilton's defamation claim. In the Ninth Circuit, "[a] trial court can . . . consider [only] admissible evidence in ruling on a motion for summary judgment." *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). Anchorage Hilton's sole piece of evidence in support of its defamation claim—testimony from VCS's executive director that she was told that its members received calls in which Union staffers made false misrepresentations—is inadmissible hearsay. After excluding this evidence, the hotel's defamation claim lacks any evidentiary support.

6. The hotel counsel's representation to the district court during oral argument that Anchorage Hilton would accept "hav[ing] the motion [for summary judgment] resolved" without further discovery was also proper grounds to deny the hotel's Rule 56(d) motion. *See Singh*, 925 F.3d at 1076. Independently, Anchorage Hilton never made a convincing showing of why it had not subpoenaed and deposed Mr. Cruz during the substantial discovery period prior to summary judgment. *See SEC v. Stein*, 906 F.3d 823, 833 (9th Cir. 2018).

**AFFIRMED.**